The Chief Justice
delivered the opinion of the court.
The appellants, who were complainants in the court below, claim title to the land which, is the subject of controversy, under two entries of 3000 acres each. The first of these entries calls to lie “on the head of Howard’s upper “creek and Stoner’s fork of Licking, beginning at a syca“more on the bank of Howard’s creek near a lick marked “E. S. and extending westward; then northward across the “ridge, and down the waters of Licking; then a westward “course; then southward; then eastward, striking the said “Howard’s crock about a quarter of a mile below the beginning; then up the same, including said creek, for quantity.”
The oilier entry depends upon this, and calls to join it to the westward.
We do not deem it material to enquire whether the place contended for by the complainants as their beginning is sufficiently established or not: for admitting it to be so, we should nevertheless be of opinion (hat the complainants’ claim to the land in controversy could not be sustained. It appears that the whole of" the land in controversy is included in the survey as made on the second entry, whereas, it ought to have been included in a survey on the first entry, according to the only rational and legal construction of which its calls are susceptible. The distances on the lines called for not being expressly given, must be ascertained construction; and it is plain, upon every principle of propriety, that the constructive distance given to all of them *285 should be the same, unless modified or controled by ether calls in the entry The call to lie on the head of Howard’s creek, cannot, we apprehend, have any operation m this respect. Such a call, as a locative call, is in general vague, and it would be particularly SO in a case like the present, where the stream called for is of considerable size, having several principal branches of nearly the same extent with many minor streams falling into each. But it is plain from the face of the entry itself, that the call in question was intended asa locative call, but merely as a call of general description, designating the regiop or section of country where the location was made, and in this vague and general sense the land may be said to lie on the head of the creek, let the entry be surveyed as it may. Regarding then this cal! as having no effect in restricting of controling the distance of either of the lines called for, and giving to those lines a distance as nearly equal as the other calls of the entry would permit, the survey of the first entry would extend as far west as to include the land in controversy, but as actually surveyed, it includes no part of it. Consequently the complainants cannot be entitled to recover the land in controversy under either entry: not under the first, because the survey as made does not include it; and not un* Ber the second, because it is not within its location.
The call fo5the ¿, ple gi!le_ ral vague, as a locative '
Bibb and Hardin for appellants, Pope for appellees.
The decree must be affirmed with costs.